(71 South. 150)

No. 20414.

MERCIER v. YAZOO & M. V. R. CO.

(Feb. 21, 1916.)

*(Syllabus by the Court.)*

EVIDENCE ☜588—PROBATIVE EFFECT—PHYS-ICAL FACTS.

In an action for damages for the death of a trespasser on a railroad track, killed by a fast passenger train, the testimony of the engineer, fireman, and station agent, that the deceased was in such a position as not to be visible, in time to avert the accident, cannot be disregarded on a hypothesis of visibility, based on the location of the wound on the head of the deceased.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. ☜588; Witnesses, Cent. Dig. § 1164.]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. John the Baptist; Prentice E. Edrington, Judge.

Action by Mrs. Alida Mercier, wife of Octave Landreau, against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Hunter C. Leake, Gustave Lemle, and Arthur A. Moreno, all of New Orleans (Blewett Lee, of Chicago, Ill., and C. N. Burch and H. D. Minor, both of Memphis, Tenn., of counsel), for appellant. Prentice E. Edrington, Jr., of New Orleans, for appellee.

LAND, J. Plaintiff sued the defendant for $15,000 damages for the death of her husband, alleged to have been killed by one of defendant's passenger trains, on Sunday, July 20, 1913.

The petition alleged that Octave Landreau on that day seated himself on the end of a cross-tie on the right of way of said company, and fell asleep; and while thus asleep, a train of the defendant, called the Memphis Express, going north at a high rate of speed, struck the said Landreau, inflicting a wound in the head, which caused his death.

The petition charges the defendants' train-men with negligence in not keeping a proper lookout for persons near or on the track, in not sounding a warning, and in not trying to stop the train which killed the deceased.

The answer is, in substance, a general and special denial of the acts of negligence charged in the petition, and a charge that the accident was due solely to the fault and negligence of the deceased, a trespasser, in seating himself on defendants' track in such a way that it was impossible for the agents of the respondent to see him, even in spite of the fact that they were keeping a proper lookout.

The case was tried before a jury, which found a verdict for $4,000 in favor of the plaintiff.

Defendant has appealed from a judgment pursuant to the verdict.

One witness testified that about 2 p. m. on the day of the accident he saw a "fellow" sitting, with arms folded, on the cross-ties, at the point where the body of Landreau was afterwards found. The same witness testified that the man "was not asleep to his knowing." Between 2 p. m. and 3:55 p. m., when the train passed, there is a hiatus in the evidence, and we cannot assume, first, that the man seated on the ties was Landreau; and, secondly, that he maintained the same attitude for 1 hour and 50 minutes. Landreau may have come on the track later and assumed an entirely different position.

There is the positive testimony of three witnesses that the body of Landreau was not visible above the rails at the time of the accident. The engineer and fireman swore that they were keeping a sharp lookout, as they approached the station and saw no person in any position on or near the point where Landreau was supposed to have been struck. Both of these witnesses testified that they knew nothing of the happening of the accident until many hours later. The station agent at Reserve testified that he was looking at the train as it approached, and

had a clear view of the track where Landreau's body was afterwards found, and saw no man in any attitude on the ties or track at that point. The agent heard nothing about the accident until later in the day after the finding and identification of the body.

The witness Voisin found the body lying on its face, "head sticking between the cross-ties," arm lying on cross-ties near the rail, one leg on ground. On turning over the body, it was recognized as that of Landreau. The mortal wound was in the back of the head, and it is argued by defendant's counsel that as the wound was more to the left than the right, the deceased must have been sitting on the end of a tie when he was struck by the train. No autopsy of the body was made, or photograph of the body taken. The photo in the record is that of another man, in the supposed position of the dead body. As the head and body in the photo are parallel to the rail, they cannot represent the body as found by Voisin, with "the head sticking between the cross-ties."

On this photo, the location and extent of the wounds on the head of the deceased have been marked by witnesses, whose whole knowledge on the subject rests on a mere casual view of the wound.

We do not think that a blow on a particular part of the skull necessarily indicates the position of the body at the time of the impact, as the head may be readily turned in several directions.

If, as argued by plaintiff's counsel, the deceased when struck by the train was sitting on the end of a cross-tie, he would not have been struck at all, or would have been struck in the side or back by the pilot, which, according to the testimony of the engineer, extends eight inches beyond the rails. As a matter of fact it is not proven what was the position of the deceased at the time he was struck by the train.

It is the duty of courts to reconcile the evidence, if possible, and this can readily be done in the case at bar by assuming that the deceased was in such a position that he was not visible to the engineer and fireman on the approaching train.

The burden of proof was on the plaintiff to establish the alleged negligence of the defendant, which she has failed to do by a preponderance of the evidence.

It is therefore ordered, that the verdict and judgment below be avoided and reversed, and that plaintiff's suit be dismissed.

O'NIELL, J., takes no part, not having heard argument.